```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DONALD WATKINS, JR.            :      CIVIL ACTION
                               :
        v.                     :
                               :
                               :
ELICA BLOCKER, et al.,         :      NO. 06-3775
```

MEMORANDUM AND ORDER

McLaughlin, J.                                     January 17, 2008

In this suit, the plaintiff Donald Watkins, Jr., acting pro se, seeks damages for alleged constitutional violations that Mr. Watkins claims resulted in a six-year delay in obtaining a hearing concerning the custody of his son.  The remaining defendant, Elicia Blocker (misspelled as Elica Blocker in the official caption of this case) has moved for summary judgment. The plaintiff has responded by filing a motion requesting that consideration of summary judgment be postponed to allow him to take additional discovery.  For the reasons below, the Court will grant the plaintiff's motion and allow a limited period for additional discovery.

Mr. Watkins' complaint brings claims under 41 U.S.C. § 1983 for alleged violations of his constitutional rights to due process and access to the courts.  As filed, his complaint sought both injunctive and monetary relief and named as defendants Ms. Blocker, the Philadelphia Court of Common Pleas, Family Court

Division ("Family Court"), and its Supervising Judge, the Honorable Margaret Theresa Murphy.  Upon consideration of the defendants' motions to dismiss, the Court dismissed all claims against the Family Court and Judge Murphy on immunity grounds, but allowed Mr. Watkins' claims against Ms. Blocker for damages to go forward.

Ms. Blocker is the maternal grandmother of Mr. Watkins' son.  According to Mr. Watkins' complaint, Ms. Blocker has had primary physical custody of Mr. Watkins' son since 1993 or 1994. Ms. Blocker is also an employee of Family Court, and Mr. Blocker's complaint alleges that Ms. Blocker used her influence at Family Court to delay a hearing on Mr. Watkins' petition to obtain custody of his son, while at the same time wrongly obtaining orders requiring him to pay child support.

Ms. Blocker filed a Motion for Summary Judgment on October 2, 2007.  After a status conference on October 31, 2007, at which Mr. Watkins informed the Court that he had not received a copy of the defendant's Motion, the Court ordered that he be sent another copy and that he file his opposition to the motion on or before December 10, 2007.  At the status conference, the Court told Mr. Watkins that, if he felt he needed additional discovery in order to respond to the Motion, he could make that request in his opposition.  Tr. of Oct. 31, 2007 Conference at 6. Mr. Watkins subsequently requested an extension of time to file

his response, which the Court granted, giving him until January 4, 2008, to respond to the motion. Mr. Watkins did not file a response by that date, but instead on January 7, 2008, filed a motion to postpone consideration of the summary judgment motion and grant him leave to take additional discovery.

In his motion to postpone consideration of the summary judgment motion, Mr. Watkins complains of Ms. Blocker's "limited responses" to his interrogatories, but states that from the information provided, he has learned that Ms. Blocker worked in the "units of Interstate and Enforcement of the Domestic Relations Branch of Family Court." On the basis of internet research, he believes the Interstate Unit directly handles pro se custody filings and the Enforcement Unit pursues individuals for child support. He suggests that Ms. Blocker's work in these units supports his allegation that Ms. Blocker influenced Family Court to delay hearing his custody petition for his son and to expedite child support proceedings against him, while never pursuing child support proceedings against his son's mother, who is Ms. Blocker's daughter. Mr. Watkins asks for an extension of discovery to allow him to "fine tune" his inquiries about Ms. Blocker's employment, including serving additional interrogatories and taking Ms. Blocker's deposition.[1]

---

[1]  Mr. Watkins' motion also addresses the argument in Ms. Blocker's motion for summary judgment that his claims are barred by the statute of limitations. The Court will address that

Under the Federal Rules of Civil Procedure, a party opposing summary judgment can request additional time from the Court to pursue additional discovery, if that discovery is necessary to oppose summary judgment. Fed. R. Civ. P. 56(f). Ordinarily, such a request should be accompanied by an affidavit specifying what information the party seeks to discover, how that information would preclude summary judgment if uncovered, and why that information had not been obtained previously. Radich v. Goode, 886 F.2d 1391, 1393-94 (3d Cir. 1989). Because Mr. Watkins is proceeding pro se, the Court will excuse his failure to file an affidavit and will turn to the substance of his argument for additional discovery, as set out in his motion.

Mr. Watkins' motion adequately describes the additional information he hopes to uncover in additional discovery. He says that he would like to take additional discovery of Ms. Blocker concerning her employment in the Interstate and Enforcement of the Domestic Relations Branch of Family Court and that he believes this additional discovery will reveal information showing that Ms. Blocker "played a major role" in delaying a hearing on his custody application.

The Court has serious doubts as to whether additional discovery will, in fact, uncover information showing that Ms.

---

argument when it considers the merits of the summary judgment motion, after Mr. Watkins files his response brief.

Blocker played such a major role in the Family Court's delay. Ms. Blocker's interrogatory responses show that her position in Family Court is as a Data Entry Clerk/Typist, and it seems unlikely that a person in such a position would be able to affect the Family Court's scheduling of Mr. Watkins' custody proceedings.  If such evidence existed, however, the Court believes it would likely preclude summary judgment.  To avoid summary judgment, Mr. Watkins will need to present evidence showing that Ms. Blocker had sufficient control or input into the court proceedings involving his son that she can be considered to have been acting "under color of law," as required for liability under 42 U.S.C. § 1983.  Evidence of a "major role" by Ms. Blocker in the Family Court's decisions about his custody petition would likely provide this showing.

Mr. Watkins' motion does not address why he could not have obtained this information earlier, during the discovery period set by the Court.  A review of the procedural history of the case, however, shows that Mr. Watkins' failure for not taking this discovery earlier can be excused.  In its Scheduling Order of July 18, 2007, this Court set a discovery deadline of October 5, 2007.  Mr. Watkins, having previously served a set of interrogatories upon Ms. Blocker, which were met with objections, filed a motion to compel answers to his interrogatories within a week of the conference, on July 24, 2007.  This Court granted the

motion, in part, on August 21, 2007, overruling several of Ms. Blocker's objections and ordering her to respond.  Ms. Blocker did not serve her answers to these interrogatories, however, until September 21, 2007, only two weeks before the close of discovery.[2]  Although Mr. Watkins did not file a motion to extend discovery, he did raise the issue at the October 31, 2007, status conference before the Court, telling the Court he believed he needed to take additional discovery.

From this history, the Court is concerned that Mr. Watkins did not have had adequate time after receiving Ms. Blocker's responses to serve supplemental interrogatories or to take Ms. Blocker's deposition before discovery closed.  Even though the Court suspects that this additional discovery is unlikely to uncover the information that Mr. Watkins hopes it will, Mr. Watkins is still entitled to have adequate time to conduct relevant discovery.  The Court will therefore grant Mr. Watkins' motion to postpone consideration of summary judgment to allow him a short period to take additional discovery.  This additional discovery is to be directed only to Ms. Blocker and is to concern only her employment at Family Court.

---

[2]   Ms. Blocker's answers to the plaintiff's interrogatories were not filed as an exhibit to the briefing on the plaintiff's motion to postpone, but were attached as an exhibit to Ms. Blocker's motion for summary judgment.  As they have been filed of record, the Court will take judicial notice of date they were signed.

An appropriate Order follows.

```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DONALD WATKINS, JR.              :    CIVIL ACTION
                                 :
         v.                      :
                                 :
                                 :
ELICA BLOCKER, et al.,           :    NO. 06-3775

<u>ORDER</u>

AND NOW, this 17th day of January, 2008, upon consideration of the plaintiff's Motion to Postpone Summary Judgment (Docket No. 46), and the response thereto, IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

1. The plaintiff may take additional discovery, whether by interrogatories or depositions, concerning defendant Elicia Blocker's duties and employment at the Philadelphia Court of Common Pleas, Family Court Division. This discovery shall be conducted so that all requests for, and responses to, discovery will be served, noticed and completed by March 14, 2008.

2. The Court will not grant any further extensions of discovery in this case, absent extraordinary circumstances.

3. The defendant's Motion for Summary Judgment (Docket No. 36) is DENIED WITHOUT PREJUDICE as premature.

4. The defendant may refile her summary judgment motion after the completion of discovery. The defendant's motions for summary judgment shall be filed on or before March 28, 2008.

5.    The plaintiff shall file his response to the defendant's summary judgment motion on or before April 18, 2008. The Court will not extend this deadline, absent extraordinary circumstances.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.