IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD WATKINS, JR.           :      CIVIL ACTION
                              :
        v.                    :
                              :
ELICA BLOCKER, et al.,        :      NO. 06-3775

MEMORANDUM AND ORDER

McLaughlin, J.                           August 10, 2008

In this suit, the plaintiff Donald Watkins, Jr., acting pro se, challenges a six-year delay in obtaining a hearing concerning the custody of his son.  Mr. Watkins' son is currently in the custody of defendant Elicia Blocker, who is the boy's maternal grandmother and an employee of the Philadelphia Family Court.  Mr. Watkins alleges that Ms. Blocker used her influence at Family Court to retain custody over his son by delaying a hearing on Mr. Watkins' petition to obtain custody, while at the same time wrongly obtaining orders requiring him to pay child support.  Mr. Watkins alleges that Ms. Blocker's actions violated his First Amendment right of access to the courts and his Fourteenth Amendment rights to due process and equal protection of the laws.   Ms. Blocker has now moved for summary judgment, which the Court will grant for the reasons set out below.

As originally filed, Mr. Watkins' suit sought both injunctive and monetary relief and named as additional defendants the Philadelphia Family Court and its Supervising Judge.  The

defendants filed motions to dismiss, which the Court granted in part, dismissing all claims in the case except Mr. Watkins' claims for monetary relief against Ms. Blocker in her personal capacity.

After discovery closed in September 2008, Ms. Blocker moved for summary judgment.  After some delay in Mr. Watkins' receiving a copy of the motion and several extensions of time to respond, Mr. Watkins filed an opposition to the motion on January 10, 2008.  In his opposition, Mr. Watkins requested he be permitted to take additional discovery to develop facts in opposition to summary judgment.  The Court granted that request on January 17, 2008, allowing Mr. Watkins an additional two months of discovery, limited to the issues raised by Ms. Blocker's motion.

Ms. Blocker re-filed her summary judgment motion on March 28, 2008, and in response, Mr. Watkins again requested additional time to take discovery.  The Court denied this request and directed Mr. Watkins file a response to the merits of Ms. Blocker's motion on or before May 2, 2008.  To date, Mr. Watkins has not filed a response to Ms. Blocker's motion.

Although Mr. Watkins has not filed an opposition to Ms. Blocker's motion, the Court will not grant it as uncontested, but will instead examine the pleadings, the discovery materials on file, and the affidavits provided by Ms. Blocker, to determine if

there is any genuine issue as to any material fact and whether
Ms. Blocker is entitled to judgment as a matter of law.  Local R.
Civ. P. 7.1(c); Fed. R. Civ. P. 56(c).  In making this
examination, the Court will view facts in the light most
favorable to the nonmoving party and will draw all inferences in
that party's favor.  Doe v. C.A.R.S. Protection Plus, Inc., 527
F.3d 358, 362 (3d Cir. 2008).  Once the moving party has shown
that there is an absence of evidence on an issue for which the
nonmoving party will bear the burden at trial, the nonmoving
party must come forward with evidence showing specific facts that
are at issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317,
324 (1986).

I.   FACTS

     A.   Custody proceedings through April 2000

          In 1993, Elicia Blocker filed a complaint in
Philadelphia Family Court seeking custody of her then-two-year-
old grandson, the child of plaintiff Donald Watkins, Jr. and her
daughter Sheareea Blocker.  At the time Elicia Blocker filed for
custody, Mr. Watkins was in prison and her daughter was addicted
to crack cocaine.  In 1994, Mr. Watkins, Sheareea Blocker, and
Elicia Blocker agreed that Elicia Blocker would have temporary
primary physical custody of the child, with the parents having

partial custody on alternate weekends.  Compl. ¶¶ 6-7; Compl. Ex. A.

In 1998, Mr. Watkins filed a complaint in Family Court, accusing Elicia Blocker of preventing him from seeing his child and seeking both to hold Ms. Blocker in contempt of the existing custody order and to modify the custody order to give him full custody of his son.  In December 1998, Mr. Watkins and Elicia and Sheareea Blocker reached a custody agreement under which the parents would have joint legal custody of the child, but Elicia Blocker would continue to have temporary physical custody of the child, with the parents having partial custody on alternate weekends.  Compl. Ex. B..

On March 15, 2000, Elicia Blocker filed a petition in Philadelphia Family Court to modify custody, seeking primary physical and legal custody of her grandson.  One month later, on April 14, 2000, Mr. Watkins filed his own Special Relief Application in Philadelphia Family Court, seeking full custody of his son.  The two petitions were consolidated for a hearing in Family Court, held on April 27, 2000.  Neither petition was ruled upon at the hearing, but instead the Family Court ordered a home investigation of the child's mother's residence.  There is no explanation in the record as to why an investigation was ordered of the mother's residence, when the mother had not petitioned for custody.  Compl. ¶ 19-20; Compl. Ex. H; Docket Sheet for Blocker v. Watkins, Case No. 9205566, Ex. B. to Def. Mot.

4

After the April 27, 2000, hearing, no further proceedings were held on Ms. Blocker's and Mr. Watkins' petitions for custody for the next six years.  The record before the Court shows no attempt by either Ms. Blocker or Mr. Watkins to request action on their custody petitions until May 2006.

B    Child Support Proceedings in 2005 and 2006 and the
     Resumption of Custody Proceedings in 2006

In the fall of 2005, child support proceedings were begun in Family Court against Mr. Watkins.  A hearing was promptly scheduled and, when Mr. Watkins failed to appear, a bench warrant was issued.  In February 2006, Mr. Watkins surrendered to Family Court, after which the warrant was lifted and Mr. Watkins was ordered to pay support for his child.  Compl. ¶¶ 22-24.

After another support hearing was scheduled for May 22, 2006, Mr. Watkins wrote to the Pennsylvania Department of Welfare, alleging that Elicia Blocker was improperly receiving welfare benefits by representing to the Department that Mr. Watkins was refusing to provide child support and had deserted his child, when, in fact he had been seeking full custody of his son.  The letter suggested that Ms. Blocker be investigated for welfare fraud.  The letter also protested the Philadelphia Family Court's six-year delay in scheduling a hearing on Mr. Watkins' custody application and suggested the delay was caused by Ms.

Blocker's influence with the court.  Copied on the letter was the
Honorable Kevin Dougherty, Administrative Judge of the
Philadelphia Family Court.  Compl. ¶¶ 26-27; Compl. Ex. J, M.

Mr. Watkins received separate responses to his letter
from Judge Dougherty and from the Pennsylvania Department of
Public Welfare.  Judge Dougherty's response letter of April 21,
2006, said he was forwarding Mr. Watkins' concern to the
Honorable Margaret Theresa Murphy, Supervising Judge of the
Family Court, to investigate.  Compl. ¶ 28; Compl. Ex. M.

A second child support hearing was held on August 22,
2006.  On August 23, 2006, Mr. Watkins wrote Supervising Judge
Murphy, enclosing a copy of his April 12, 2006, letter and Judge
Dougherty's response and asking about the status of her
investigation.  On August 24, 2006, Mr. Watkins filed this suit,
contending that the delay in acting on his custody petition
violated his constitutional rights.   Compl. ¶ 32-33; Compl.
Ex. P.

In his law suit, Mr. Watkins sought, among other
relief, a temporary restraining order and a preliminary
injunction compelling the Family Court to hold a hearing on his
custody petition and to stay proceedings on his child support.
The Court held separate hearings on Mr. Watkins' requests for a
temporary restraining order and preliminary injunction and denied
both requests.  While Mr. Watkins' requests for injunctive relief

were pending, the Family Court scheduled a hearing on Mr.
Watkins' and Ms. Blocker's custody petition.   The docket entries
for the custody proceeding show that a hearing was scheduled for
November 2, 2006, at which time the custody proceedings were
dismissed for lack of prosecution.   Docket Sheet for <u>Blocker v.</u>
<u>Watkins</u>, Ex. B. to Def. Mot.

     C.   <u>Elicia Blocker's Employment at Family Court</u>

     Elicia Blocker has been employed by the First Judicial
District of Pennsylvania as a Data Entry/Clerk Typist I from
January 2000 to the present.   The job of Data Entry/Clerk Typist
I is an entry level position involving receiving and retrieving
court documents, typing or data entry, and office filing and
record keeping.   Answ. to Interrogatories and Position
Announcement, Ex. C to Def. Mot.

     For the first three years of her employment, Ms.
Blocker was assigned to the Interstate and Enforcement Units of
the Domestic Relations Branch of the First Judicial District.
From approximately 2003 to the present, Ms. Blocker has been
assigned to the Mail Center of the Domestic Relations Branch.
Ex. C to Def. Mot.

     Ms. Blocker has submitted the affidavit of the Deputy
Court Administrator of the Domestic Relations Branch, Mary Lou
Baker.   Ms. Baker states that Ms. Blocker's official duties have

not included any decision-making authority related to the substantive processing of domestic relations cases, including whether or not to file or schedule child support or child custody petitions.  Ms. Baker also states that custody petitions are not filed in any of the units to which Ms. Blocker has been assigned. Baker Aff. at ¶¶ 5-6, Ex. D to Def. Mot.

II.  ANALYSIS

Mr. Watkins claims that Ms. Blocker used her influence at Family Court to delay his petition for custody of his son, while child custody proceedings against him were able to proceed. In doing so, Mr. Watkins contends that Ms. Blocker violated his constitutional right of access to the courts guaranteed under the First Amendment and his constitutional right to due process and equal protection guaranteed under the Fourteenth Amendment.

The Court has construed Mr. Watkins' claims as arising under 42 U.S.C. § 1983, which creates a cause of action for the deprivation, under color of law, of "any rights, privileges, or immunities secured by the Constitution."  See Monroe v. Beard, -- F.3d --, 2008 WL 2896615 (3d Cir. July 29, 2008) (affirming a district court decision that construed pro se constitutional claims as arising under § 1983).

In order for an individual like Ms. Blocker to be held liable under § 1983 for depriving Mr. Watkins of his

8

constitutional rights, Ms. Blocker must be found to be acting not just as a private citizen, but "under color of law" as a state actor, such that Ms. Blocker's "seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc., 531 U.S. 288, 295, 295 n.2 (2001) (internal quotation omitted).  "[M]erely private conduct, no matter how discriminatory or wrongful" does not violate § 1983.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation and citation omitted).  To be a state actor, one must exercise "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (internal quotation and citation omitted).

One way of showing Ms. Blocker to be a state actor is through her employment at Family Court.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 n.18 (1982) (state employment is "generally sufficient" to render a defendant a state actor).  A state employee will be a state actor for purposes of § 1983 if she was "invested with the power and authority of the state" when she acted to deprive the plaintiff of his constitutional rights. Abbott, 164 F.3d at 146 (holding police officers who aided in the repossession of the plaintiff's vehicle were state actors).  A state employee will not be a state actor, even if she commits a wrongful act while on-duty, if she "pursues purely private

9

motives and [if her] interaction with the victim is unconnected with [her] execution of her official duties."  Bonenberger v. Plymouth Tp., 132 F.3d 20, 24 (3d Cir. 1997).

In this case, there has been no showing that Ms. Blocker did anything in her capacity as a Data Entry/Clerk Typist at Family Court to deprive Mr. Watkins of his rights.  Ms. Blocker's duties at Family Court did include any decision-making authority related to the scheduling or processing of domestic relations cases, and none of the units to which she was assigned handled the filing of custody petitions.  No evidence has been presented that Ms. Blocker acted "with the power and authority of the state" to deny Mr. Watkins his rights or did so in connection with her official duties.

Even though there is no evidence that Ms. Blocker acted directly in her capacity as a state employee to deprive Mr. Watkins of his constitutional rights, Ms. Blocker could still be found to be a state actor if there were evidence that, as Mr. Watkins alleges, Ms. Blocker used her influence at Family Court to conspire with other state employees delay a hearing on Mr. Watkins' custody petition.  "'[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of constitutional rights acts under color of state law for purposes of § 1983.'"  Harvey v. Plains Tp. Police Dept., 421 F.3d 185, 190 (3d Cir. 2005) (quoting Abbott, 164 F.3d

10

at 147-48).  Mr. Watkins, however, has not come forward with any evidence supporting the existence of such a conspiracy.  Nothing in the record indicates that Ms. Blocker acted in concert with any other state employee to delay Mr. Watkins' custody hearing.

Having failed to produce any evidence to support a finding that Ms. Blocker was a state actor, Mr. Watkins has failed to meet his burden of showing a genuine issue of fact on this issue for trial, and Ms. Blocker is therefore entitled to summary judgment.[1]


An appropriate Order follows.

---

[1]    Ms. Blocker has also moved for summary judgment on the grounds that Mr. Watkins' claims are barred by the applicable statute of limitations and that Mr. Watkins has failed to produce sufficient evidence to show that he was deprived of a constitutionally protected right.  Having found that Ms. Blocker is entitled to summary judgment because Mr. Watkins has failed to make a showing that she was a "state actor," the Court will not address Ms. Blocker's other arguments for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DONALD WATKINS, JR.         :      CIVIL ACTION
                            :
        v.                  :
                            :
                            :
ELICA BLOCKER, et al.,      :      NO. 06-3775


ORDER

        AND NOW, this 10th day of August, 2008, upon

consideration of Motion for Summary Judgment of Defendant Elicia

Blocker (Docket No. 52), IT IS HEREBY ORDERED, for the reasons

stated in the accompanying memorandum, that the Motion is

GRANTED.  Judgment is hereby entered for the defendant Elicia

Blocker and against the plaintiff Donald Watkins, Jr.

        All other claims in this matter having already been

dismissed by previous orders, this case may be closed.


                            BY THE COURT:


                            /s/ Mary A. McLaughlin
                            MARY A. McLAUGHLIN, J.